UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL FRITH,

    Plaintiff,

vs.                                                      CASE NO. 8:08-CV-311-T-24TGW

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the court on Plaintiff's Second Motion for Remand In Response to Defendant's Second Notice of Removal (Doc. No. 5), and Defendant's Response to that motion. (Doc. No. 8.)

**I.    Facts and Procedural History**

On or about February 13, 2007, Plaintiff Carl Frith filed a complaint against Defendant Auto-Owners Insurance Company in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. In the complaint, Plaintiff alleged that Defendant, his insurance company, breached its statutory claims-handling duties under Florida Statute § 624.155 and § 626.9541 in failing or refusing to honestly and fairly adjust the insurance claim that Plaintiff filed. Defendant removed the case to this Court based on diversity jurisdiction. The Court later remanded the case, however, concluding that Defendant had not satisfied the requisite amount in controversy.

One year later, on February 14, 2008, Defendant removed the case again by filing a

second Notice of Removal.[1]  Again, Defendant relies on diversity of citizenship as a basis for the Court's jurisdiction.  Defendant claims that, through discovery obtained in state court, it can now establish the requisite amount in controversy. The parties do not dispute that they are citizens of different states for purposes of diversity jurisdiction.

**II.     Standard of Review**

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  The removing party must make "an affirmative showing . . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961).  "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

**III.    Discussion**

To demonstrate that the amount in controversy more likely than not exceeds $75,000,

---

[1]The case was assigned to the Honorable James D. Whittemore, who transferred the case to the undersigned pursuant to Local Rule 1.04(a).

Defendant relies on information it obtained during discovery in the state court proceedings. In particular, Defendant cites Plaintiff's August 27, 2007 answers to Defendant's first set of interrogatories in which Plaintiff states that he is seeking $44,668.50 in damages. In his these answers, Plaintiff did not estimate the amount of damages he is seeking for personal distress, mental anguish, or punitive damages; rather, he states that such damages are "unknown at this time."[2] Defendant argues that the Court should consider Plaintiff's evasiveness regarding the amount of damages he is seeking as justification for denying remand. Nevertheless, Defendant argues that, even disregarding the damages to which Plaintiff has not assigned an amount, the amount in controversy more likely than not exceeds $75,000.00 when the declared damages are combined with an award attorneys' fees.[3]

Upon review of Defendant's Second Notice of Removal, the Court concludes that it has failed to show that the amount in controversy more likely than not will exceed the $75,000 threshold for diversity jurisdiction. Plaintiff's discovery responses reveal that he is seeking at most $58,957.10 in declared damages. Although Plaintiff is also seeking damages for personal distress and mental anguish, he has not estimated the amount of these damages. It would be pure

---

[2]Plaintiff apparently submitted amended answers to the interrogatories after Defendant filed its Second Notice of Removal. In his amended answers, Plaintiff stated that he is seeking an additional $14,288.60 for construction damages, such that the total of Plaintiff's declared damages would equal $58,957.10. Defendant argues that this number is improper, and that the Court should assume that construction damages will increase at least another $6,816.00 during the pendency of this case. The Court, however, declines to make that assumption, as Defendant's argument is pure speculation and not based on evidence.

[3]Defendant argues that the Court should assume that an award of attorneys' fees more likely than not will exceed $16,043.90. The Court again declines to make that assumption, as Defendant's argument is based on a series of convoluted calculations and speculations that have no basis in fact.

speculation at this point in the litigation for the Court to insert its own estimate of these damages. Furthermore, contrary to Defendant's argument, Plaintiff has not pled a claim for punitive damages, and therefore, the Court cannot consider such damages for jurisdictional purposes.

Furthermore, the Court declines to follow *Logsdon v. Duron, Inc.*, No. 05-243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2005), a case cited by Defendant in which the district court retained jurisdiction after finding that the defendant had established that the damages would likely exceed $75,000. *Logsdon* is distinguishable because in that case the total amount of damages for back pay the plaintiff claimed was "very close" to the threshold amount for diversity jurisdiction–$72,000. *Id.* Once the *Logsdon* court considered the additional $10,000 in compensatory damages sought, as well as front pay damages, the value of fringe benefits claimed as damages, and attorneys' fees, in conjunction with the $72,000 in damages for back pay, the court concluded it was more likely than not that diversity jurisdiction existed. *Id.* In this case, however, Plaintiff is clearly seeking no more than $58,957.10 in damages at this time. Although Plaintiff may ultimately amend his complaint to plead and recover punitive damages, as well as recover attorneys' fees and damages for mental anguish, the Court is unable to consider these additional damages at this time because to do so would be purely speculative. The Court therefore concludes that Defendant has not sustained its "burden of establishing jurisdiction," and this case must be remanded to the state court where it was originally filed. *Diaz*, 85 F.3d at 1505.

**IV.   Conclusion**

Plaintiff also seeks an award of attorneys' fees and costs incurred in filing this second motion for remand pursuant to 28 U.S.C. § 1447(c). The Court directs Plaintiff to set forth this

request in a separate Motion for Attorneys' Fees and Costs on or before May 12, 2008.

It is **ORDERED AND ADJUDGED** that the Plaintiff's Second Motion for Remand (Doc. No. 5) is **GRANTED**. The Clerk of the Court is directed to **REMAND** this action to state court and to close this case.

**DONE AND ORDERED** at Tampa, Florida this 28th day of April, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record